WILLIAM SCHOUDEL AND MINA THOMAS, PLAINTIFFS IN ERROR, v. THE STATE, DEFENDANT IN ERROR.

When a man and woman live together as man and wife under an honest belief that they are legally married, such cohabitation is not indictable under the statute making open lewdness punishable.

On error to the Hudson Quarter Sessions.

Argued at June Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the plaintiffs in error, *Samuel A. Besson.*

*Contra, Charles H. Winfield,* prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.    The indictment in this case
charges that the defendants " did willfully and unlawfully
commit divers acts of public and notorious indecency and
open lewdness, grossly scandalous, and tending to debauch the
morals and manners of the people of this state, by then and
there willfully and unlawfully living and cohabiting together
as husband and wife, he the said William Schoudel and she
the said Mina Thomas not being then married to each other."

In support of this charge it was in evidence at the trial
that, in April, 1892, the defendant William Schoudel ob-
tained a decree of absolute divorce from his former wife, Eliza
Jane Schoudel, in the Cook County Circuit Court, of Illinois.
He had been a resident of Illinois for more than a year pre-
viously to the date of the decree.   Soon after this divorce
he was' married by an Episcopal minister, in the State of
Wisconsin, to the female defendant in the present case, and in
the fall of 1892 they came to Hoboken to live, keeping house
and openly cohabiting as man and wife.

The forty-second section of the Crimes act, on which this
prosecution is based, is in the following words, viz. : " Every
person who shall be guilty of open lewdness, or any notorious
act of public indecency, grossly scandalous, and tending to
debauch the morals and manners of the people, shall, on con-
viction, be liable to a fine not exceeding one hundred dollars,
and to an imprisonment at hard labor, not exceeding twelve
months, or either of them, at the discretion of the court."
*Rev., p.* 234.

Upon collating the facts and the law thus stated, it would
seem to be conspicuous that this conviction has no legal basis.
The statutory clause which has just been recited is, unlike
the provisions in the codes of many of the states, nothing
more than an expression of the common law on the subject
involved, and in that system it was, according to Blackstone
and the ancient authorities, only " open and notorious lewd-
ness " that was indictable, private or secret indecency not
being a criminal offence.   The only reason for making the

misconduct punishable is that it presents itself in such a way that it becomes an affront to good morals and manners ; that it tends to corrupt or offend the public morality, and unless it possesses such mischievous qualities the misbehavior is not penal.

Such being the essence of this offence, it is obvious, at a glance, that these defendants cannot be justly charged with its perpetration.   They have done nothing whatever that, in the remotest sense, can be said to have been displeasing to the moral sense of the community.   The contention in behalf of the state is that the divorce that had been obtained in the State of Illinois, while it was valid in that state, had no legal force in this state, inasmuch as the defendant in that proceeding had not been properly brought into court, and consequently the subsequent marriage of these defendants being invalid, their cohabitation in this state is legally indefensible. Granting these premises, it is a fallacy to infer that, because these two persons had unconsciously committed the crime of bigamy, thereby they had acted lewdly.   The case shows that they both believed that they were legally married, and therefore, in living together as man and wife, they did not in the least degree infringe any moral law whatever, and similarly when they held themselves out to the public as married persons they did not become moral wrongdoers.   They regarded themselves as married, and the public so regarded them ; there was no scandal, no unfavorable comment.   To assert that such a line of conduct, under the conditions stated, was an exhibition of notorious and open lewdness, appears to the court to be a proposition destitute of even a semblance of legality.

Most, if not all, of the American adjudications will, when critically examined, be found to accord with the view above expressed.   The text-writers appear to have arrived at the same result.   Thus, Mr. Wharton (*Crim. L.*, § 1747, *9th ed.*), treating of the crime of open lewdness, says : " But this offence is not made out by proof of cohabitation under an honest belief in marriage."   The leading cases touching the subject will be found in that most satisfactory of all legal

digests, the *American and English Encyclopedia of Law*, vol. 13, *tit. "Lewdness."*

The decision in the case of *Commonwealth* v. *Munson*, 127 *Mass.* 459, is exactly in point. In that instance, as on the present occasion, the defendants had been indicted for lewdness, and it appeared in the proofs that they had been married in a form which they deemed legal. The court, after pronouncing the alleged marriage to be a nullity, disposes of the remaining consideration involved in the prosecution in these words: "But to support this indictment, &c., it is necessary to prove not only that a man and a woman not being married to each other cohabited together, but that they so cohabited 'lewdly and lasciviously,' implying an evil intent, which cannot be inferred from the mere fact (such as was proved at the trial) of cohabitation, under an honest though mistaken belief that the parties were lawfully married to each other."

Let the judgment be reversed.